## THE STATE v. JOHN C. FERRISS.

1. CRIMINAL LAW. *Indictment.* The allegation in an indictment that " a more particular description is to the jurors unknown," cannot have the effect of dispensing with such description of the offense as will protect the defendant from a second prosecution for the same offense; but if a *particular fact* which is matter of description and *not vital to* the accusation cannot be ascertained, the indictment may charge that such fact is unknown to the jurors.

2. SAME. *Same.* A charge that the defendant willfully and unlawfully drew and issued warrants for costs " against the County of Davidson," etc., is bad, for the statute requires that warrants be drawn on the *County Trustee*, and not upon the *County*.

State *v.* Ferriss.

**3. SAME.** *Same.* A charge in an indictment that the defendant, as Judge of the County Court, did willfully and unlawfully draw and issue *warrants* against the county, etc., is bad, because it charges two or more offenses in the same count. The drawing of each warrant was a separate and substantial transaction, and a criminal prosecution would lie for each if the drawing was willfully and illegally done.

---

FROM DAVIDSON.

---

Appeal in error from the Criminal Court of Davidson county.    J. M. QUARLES, J.

ATTORNEY-GENERAL LEA, W. D. COVINGTON and G. J. STUBBLEFIELD for the State

A. L. DEMOSS, J. C. GUILD and T. L. DODD for Ferriss.

DEADERICK, C. J., delivered the opinion of the court.

John C. Ferriss, Judge of the County Court of Davidson county, was indicted in the Criminal Court of said county, as it is said in the argument, under section 4816 of the Code. That section makes it a misdemeanor "for any public officer or person holding any public trust or employment, to neglect to perform his duty, when no special provision has been made for the punishment of the delinquency." The offense intended to be charged in the indictment is, that the defendant drew warrants for costs, against the county, without being regularly taxed by the clerk and examined by the attorney general and judge of the court

in which the costs accrued, and without their certificate that the costs were correctly taxed and lawfully chargeable upon the county, in contravention of the provisions of section 527 of the Code. The indictment was quashed below, and the State has appealed in error to this court.

It contains two counts. In the first count, after reciting that the defendant was elected and qualified and acted as judge of the county court of Davidson county, it is charged that while so acting in his judicial capacity as judge, etc., he, "On the 15th day of August, 1878, unlawfully, willfully and negligently did issue and draw warrants against the county of Davidson, for costs against said county of Davidson, for the value and amount of thirteen thousand nine hundred and fifty-five dollars and thirty-nine cents, a more particular description of which is to the jurors unknown." And then avers that the costs for which the warrants were issued, were not taxed, etc., as required by section 527 of the Code.

The second count charges defendant with issuing and drawing warrants "against the county of Davidson, for costs accruing in the Criminal Court of said county of Davidson, a more particular description of which is to the jurors unknown, of the value and amount of thirteen thousand nine hundred and fifty-five dollars and thirty-nine cents."

Then the indictment avers that the said costs for which said warrants were issued and drawn, as aforesaid, against the county of Davidson, had not been regularly taxed, etc., as in the first count, except that

the names of Sam. Donelson, cl'k, A. J. Caldwell, att'y gen'l, and Thos. N. Frazier, judge, are given.

The allegation in the indictment that a more particular description of the warrants is to the jury unknown, cannot have the effect of dispensing with such description of the offense as will protect defendant from a second prosecution for the same offense.

It is the general rule, that the special matter of the whole fact should be set out in the indictment with such certainty that the offense may judicially appear to the court. 1 Bish. C. L., section 285. The exceptions to the general rule are in cases of owners of stolen property and unknown dead bodies in murder cases, in which case the indictments may charge the names as unknown. Bish. C. L., sections 242, 251. So if *a particular fact* which is matter of description and *not vital* to the accusation, cannot be ascertained, the indictment may charge that such a fact is unknown to the jury.

The cause has been ably and exhaustively argued for both the State and defendant. His Honor, as before stated, quashed the indictment upon the ground, as stated in the argument, of the defective description of the warrants.

Several other grounds are here insisted upon for the affirmance of the judgment. Conceding, but not deciding, that the section relied upon is sufficiently broad to sustain a prosecution for malfeasance in office, while its terms provide a punishment, only, for neglect to perform a duty, we are nevertheless of opinion that the judgment of the Judge of the Criminal Court

in quashing the indictment, was correct on several grounds.

The indictment charges the drawing and issuance of warrants against the county of Davidson, obviously meaning that they were drawn upon the "County of Davidson." The statute requires the judge or chairman of the county court to draw his warrants on the *County Trustee* for the payment of any judgment or debt due from the county. Section 527 of the Code does not mean that a warrant may be drawn against or directed to the county, but that a warrant shall be drawn on the County Trustee for the payment of costs which have accrued against the county, when duly certified, etc. If the proof showed such warrants were on the " County " or " State," *eo nomine,* it would not support the charge of violation of sections 525 to 527 inclusive.

Each count charges the issuance and drawing of warrants in the plural number, to the value and amount of $13,955.39. In the nature of the act, the drawing of each warrant was a separate and substantive transaction; although, when drawn, all might have been issued at the same time. There might be a thousand or more, or a less number of warrants charged in the indictment as having been issued. For the drawing and issuance of each, if willfully and illegally done, a criminal prosecution would lie. And there is no such description of any one of them, all other objections out of the way, upon the face of the indictment as would protect defendant, in case of a conviction or

acquittal for drawing or issuing it, from a second trial for the same offense.

It was long ago held by this court, and the principle has been repeatedly recognized and approved since, that the description of the offense charged in the indictment should be competent to these purposes:

1st. To the information of the defendant, that he may know what offense he is called upon to answer.

2d. To the information of the court, that it may see a definite offense on record, to which to apply the judgment, and the punishment which the law prescribes.

3d. To the protection of the defendant against a further prosecution for the same offense.

It must be borne in mind that these requirements are as to offenses charged in the indictment, and not as they may be shown or explained outside of the indictment. What protection, then, would a conviction or acquittal afford under the indictment in this case? The averments are, that he drew and issued warrants on the County of Davidson on the 15th of August, 1878, for $13,955.39. But no description is given of any one of them by which it could be identified. It is not averred here how many were issued, and although it is averred that they were drawn and issued on the 15th of August, 1878, it is not averred that they bore that date, nor is it stated for what amount each or any one was drawn, or to whom payable.

The Attorney General has cited two cases in 3d Heiskell as sustaining the indictment in this case.

One of *State* v. *Ailey,* the other of the *State* v. *Irvine,* in both of which the court sustained the indictments.

The first named was an indictment under section 4606 of the Code, which enacts that "no person shall unlawfully and maliciously slit, cut off, or bite off the nose, ear or lip of another, or any part of either of them, whereby the person is maimed or disfigured." The indictment charged that defendant, etc., "did slit, cut off and bite off the ear of John Tarwater," etc. The court said the defendant could not be embarrassed in making his defense, nor could the court be at a loss to pronounce judgment.

In the other case, defendant was prosecuted for selling and giving away liquor near an election ground in the city of Jackson, to one Theodorick Webb. It was said in that case that the offenses were created by the same act, are of the same character, and punishable alike, and both offenses tend to produce the same evils, which it is the object of the statute to prevent. And following the case in 10 Hum., 419, the indictment was sustained. Those cases are exceptional and not in harmony with the general rule, that but one offense should be charged in the same count of an indictment. In the case under consideration, however, there are marked differences from the two cited. In these two cases these offenses were so described as to protect defendant from any second prosecution for the same offense. There were but two or three different modes charged of violating the law in these cases, which were embraced in the same clause, were of like nature and character, not embarrassing the defense,

while in this case perhaps one hundred or even one thousand offenses are charged,' and no description of any one of them in the indictment which would protect defendant from a second prosecution.

Other questions have been raised in the argument, but we deem it unnecessary to discuss them.

Let the judgment be affirmed.